Jeffrey Willis (AZB #004870)
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ  85701-1630
Telephone: (520) 882-1200
Facsimile: (520) 884-1294
jwillis@swlaw.com

Karen Ellis Carr *(pro hac vice motion forthcoming)*
Donald C. McLean *(pro hac vice motion forthcoming)*
Kathleen Heilman *(pro hac vice motion forthcoming)*
Laura Zell *(pro hac vice motion forthcoming)*
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006-5344
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
karen.carr@arentfox.com
donald.mclean@arentfox.com
katie.heilman@arentfox.com
laura.zell@arentfox.com

*Attorneys for Proposed Intervenor-Defendant Syngenta Crop Protection, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center For Biological Diversity, National Family Farm Coalition, Center For Food Safety, and Pesticide Action Network North America,<br><br>Plaintiffs,<br><br>v.<br><br>United States Environmental Protection Agency, Michael S. Regan, in his official capacity as Administrator, and Edward Messina, in his official capacity as Director of the Office of Pesticide Programs,<br><br>Defendants,<br><br>and<br><br>Syngenta Crop Protection, LLC,<br><br>Proposed Intervenor-Defendant. | Case No. 4:20-cv-00555-DCB<br><br>**SYNGENTA CROP PROTECTION, LLC'S MOTION TO INTERVENE AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

**Table of Contents**

Page

STATEMENT OF POINTS AND AUTHORITIES ............................................................. 2

BACKGROUND ............................................................................................................... 2

    A.    Pesticide Registration Under FIFRA ......................................................... 2

    B.    Syngenta and its Tavium Product .............................................................. 3

    C.    EPA's Registration of Tavium under FIFRA ............................................ 4

    D.    Procedural History ..................................................................................... 5

LEGAL STANDARD FOR INTERVENTION .................................................................. 6

ARGUMENT ...................................................................................................................... 6

I.    SYNGENTA MEETS ALL THE CRITERIA FOR INTERVENTION AS OF RIGHT. ................................................................................................................ 6

    A.    Syngenta's Motion is Timely. .................................................................... 6

    B.    Syngenta Has a Direct and Substantial Interest in this Proceeding. .......... 7

    C.    Syngenta's Interest Would Be Harmed by an Adverse Ruling. ................ 9

    D.    Syngenta's Interests Will Not Be Adequately Represented by the Parties. ...................................................................................................... 10

II.    AT A MINIMUM, PERMISSIVE INTERVENTION SHOULD BE GRANTED. ....................................................................................................... 11

III.    SYNGENTA SHOULD BE PERMITTED AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT CONCURRENTLY WITH THE FEDERAL DEFENDANTS. ........................... 12

CONCLUSION ................................................................................................................. 13

CERTIFICATE OF SERVICE ......................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska v. Suburban Propane Gas Corp.*,
  123 F.3d 1317 (9th Cir. 1997) ............................................................................... 6

*Am. Soybean Ass'n, et al. v. Wheeler, et al.*,
  Case No. 20-cv-03190 (D.D.C. Nov. 4, 2020) ........................................................... 5, 8

*Bell v. Burson*,
  402 U.S. 535 (1971) .................................................................................................. 8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) .................................................................................... 9

*Comerica Bank v. Sea Nine Assocs., Inc.*,
  No. SACV 14-186, 2014 WL 12778554 (C.D. Cal. Aug. 13, 2014) ............................. 13

*Ctr. for Biological Diversity, et al. v. Zinke, et al.*,
  No. 15-cv-00019 (D. Ariz. July 30, 2015), ECF No. 64 .............................................. 13

*Ctr. for Biological Diversity v. EPA*,
  No. 11-cv-293, 2013 WL 1729573 (N.D. Cal. Apr. 22, 2013) .................................... 8

*Ctr. for Biological Diversity v. EPA*,
  No. 14-1036 (D.C. Cir. July 28, 2015) ...................................................................... 8

*Ctr. for Biological Diversity v. EPA*,
  No. 14-cv-00942 (D.D.C. Sept. 4, 2014), ECF No. 23 ............................................... 8

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife*,
  No. 11-cv-05108 (N.D. Cal. Mar. 22, 2012), ECF No. 27 .......................................... 8

*Ctr. for Biological Diversity v. U.S. Forest Serv., et al.*,
  No. 20-cv-00020 (D. Ariz. Nov. 16, 2020), ECF No. 24 ............................................. 7

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) .................................................................................... 7

*Forest Conservation Council v. U.S. Forest Serv.*,
  66 F.3d 1489 (9th Cir. 1995) .......................................................................... 9, 10, 11

*Freedom from Religion Found., Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) .................................................................................. 12

*Greater Yellowstone Coal. v. Timchak*,
  No. CV-08-388, 2008 WL 4911410 (D. Idaho Nov. 13, 2008) ................................... 10

*Hardin v. Jackson*,
  600 F. Supp. 2d 13 (D.D.C. 2009) ............................................................................... 11

*Idaho Farm Bureau Fed'n v. Babbitt*,
  58 F.3d 1392 (9th Cir. 1995) ......................................................................................... 8

*Indus. Safety Equip. Ass'n v. EPA*,
  656 F. Supp. 852 (D.D.C. 1987), *aff'd*, 837 F.2d 1115 (D.C. Cir. 1988) ..................... 8

*Kootenai Tribe of Idaho v. Veneman*,
  313 F.3d 1094 (9th Cir. 2002), *abrogated on other grounds by
  Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011) ....................... 12

*Love v. Thomas*,
  858 F.2d 1347 (9th Cir. 1988) ....................................................................................... 2

*Nat. Res. Def. Council v. Costle*,
  561 F.2d 904 (D.C. Cir. 1977) .............................................................................. 10, 11

*Nat. Res. Def. Council v. EPA*,
  99 F.R.D. 607 (D.D.C. 1983) .................................................................................. 9, 11

*Nat. Res. Def. Council v. EPA*,
  No. 14-73359 (9th Cir. Dec. 11, 2014), ECF No. 12 ..................................................... 8

*Nat'l Fam. Farm Coal. v. EPA*,
  No. 17-70196 (9th Cir. May 4, 2017), ECF No. 25 ....................................................... 8

*Nat'l Fam. Farm Coal. v. EPA*,
  No. 19-70115 (9th Cir. May 15, 2019, June 19, 2020), ECF Nos. 29, 162 ............... 4, 8

Order Consolidating Cases, *Am. Soybean Ass'n v. Wheeler*, No. 20-1441
  (D.C. Cir. Dec. 4, 2020) ............................................................................................ 5, 6

*Pesticide Action Network of N. Am. v. EPA*,
  No. 08-cv-01814 (N.D. Cal. July 8, 2008), ECF No. 43 .......................................... 7, 11

*Reckitt Benckiser, Inc. v. Jackson*,
  762 F. Supp. 2d 34 (D.D.C. 2011) ................................................................................. 2

*S. Cal. Edison Co. v. Lynch*,
  307 F.3d 794 (9th Cir. 2002) .................................................................................. 7, 12

*Save the Scenic Santa Ritas v. U.S. Army Corps of Eng'rs*,
  No. 19-cv-0177 (D. Ariz. Apr. 17, 2019), ECF No. 20 ................................................. 7

*Sierra Club v. EPA*,
  995 F.2d 1478 (9th Cir. 1993), *abrogated on other grounds by Wildeness
  Soc'y*, 630 F.3d 1173 ................................................................................................... 6

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ..................................................................................... 11

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ........................................................................... 9, 10, 11

*Sw. Energy Sys., LLC v. Travelers Indem. Co.*,
  No. cv-17-04241 (D. Ariz. Jan. 22, 2018), ECF No. 26 .............................................. 7

*United Farm Workers v. EPA*,
  No. C 07- 3950, 2008 WL 3929140 (N.D. Cal. Aug. 26, 2008) ........................... 10, 11

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) (*en banc*) ......................................................... 6, 7, 9, 12

**Statutes**

5 U.S.C. § 551(8) ............................................................................................................. 7

7 U.S.C. § 136(bb) .......................................................................................................... 3

7 U.S.C. § 136, *et seq.* ................................................................................................... 2

7 U.S.C. § 136a .............................................................................................................. 3

7 U.S.C. § 136a(a) .......................................................................................................... 7

7 U.S.C. § 136a(c)(5)(C), (D) ......................................................................................... 3

7 U.S.C. §§ 136a(c)(5), 136j(a)(1) ................................................................................. 2

7 U.S.C. § 136j(a)(2)(G) ................................................................................................ 3

28 U.S.C. § 2112(a)(3) ................................................................................................ 5, 6

**Other Authorities**

40 C.F.R. §§ 152.100–119 .............................................................................................. 3

Federal Rule of Civil Procedure 24 ................................................................................ 1

iv

Federal Rule of Civil Procedure 24(a) .................................................................................. 6

Federal Rule of Civil Procedure 24(a)(2) ......................................................................... 1, 6

Federal Rule of Civil Procedure 24(b) ......................................................................... 1, 6, 11

Federal Rule of Civil Procedure 24(b)(1)(B) ............................................................... 11-12

Federal Rule of Civil Procedure 24(c) .......................................................................... 12, 13

Syngenta Crop Protection, LLC ("Syngenta") respectfully moves to intervene in this matter in accordance with Federal Rule of Civil Procedure 24. Plaintiffs challenge the decision of the U.S. Environmental Protection Agency ("EPA") to register under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA") three agricultural herbicide products containing the active ingredient dicamba. Syngenta owns the registration for Tavium® Plus VaporGrip® Technology ("Tavium"), one of the three products, which contains dicamba and another active herbicide ingredient, s-metolachlor. The challenged registration decision permits Syngenta to sell and distribute Tavium for use on dicamba-tolerant ("DT") soybeans and DT cotton in thirty-four states through December 20, 2025. Syngenta's registration is a federal license issued by EPA under FIFRA, without which Syngenta would be unable to sell and distribute Tavium in the United States.

As the owner of one of the challenged EPA registrations, Syngenta seeks to intervene as of right in this action to protect its property interests pursuant to Federal Rule of Civil Procedure 24(a)(2). In the alternative, Syngenta seeks permission to intervene pursuant to Federal Rule of Civil Procedure 24(b). In addition, Syngenta requests that its deadline to respond to the Amended Complaint be extended until the time of Federal Defendants' response.

This action follows an earlier suit filed by soybean and cotton grower groups in the U.S. District Court for the District of Columbia nearly three months ago, challenging the same dicamba registrations at issue here. Syngenta and other registrants have intervened in that case, and Syngenta anticipates seeking or supporting a request to transfer this matter to the District of Columbia for consolidation with the already-pending case.[1]

A Statement of Points and Authorities in support of this Motion and Proposed Order follow.

---

[1] Syngenta has conferred with counsel for the parties regarding this Motion. Counsel for Plaintiffs indicated that their position as to this Motion is the same as set forth in their recently-filed Joint Response to Motions to Intervene, ECF No. 18. Counsel for Defendants had not responded as of the time of filing of this Motion.

**STATEMENT OF POINTS AND AUTHORITIES**

Syngenta owns the registration for Tavium, one of three registrations for agricultural herbicides containing the active ingredient dicamba issued by EPA on October 27, 2020 (the "Registrations"). In their Amended Complaint, Plaintiffs ask this Court to find that the Registrations violate FIFRA, the Endangered Species Act ("ESA"), and the Administrative Procedure Act ("APA"), order vacatur of the Registrations, and stop use and sale of the products. Accordingly, Syngenta seeks leave to intervene to protect its interest in its Tavium registration.

Syngenta readily meets the requirements for intervention. Syngenta's Motion is timely, and intervention will not prejudice the existing parties. The case will address and potentially impact Syngenta's license under FIFRA to sell and distribute Tavium. Finally, EPA, whose focus is on broader interests, will not adequately represent Syngenta's private interest in its Tavium registration and could potentially stake out positions or present arguments different from Syngenta's, or seek to resolve the case on disagreeable terms. Accordingly, the Court should grant Syngenta's Motion to Intervene.

**BACKGROUND**

**A.     Pesticide Registration Under FIFRA**

FIFRA regulates the distribution, sale, and use of pesticides. 7 U.S.C. § 136, *et seq*. Under FIFRA, all pesticide products must be registered by EPA before they can be distributed or sold in the United States. *Id*. §§ 136a(c)(5), 136j(a)(1); *see also Love v. Thomas*, 858 F.2d 1347, 1350 (9th Cir. 1988) (FIFRA "establishes an elaborate framework for the regulation of pesticide use in the United States" under which "[n]o pesticide may be sold or distributed unless it is registered with the EPA"). A pesticide registration operates as a "product-specific license describing the terms and conditions under which the product can be legally distributed, sold, and used." *Reckitt Benckiser, Inc. v. Jackson*, 762 F. Supp. 2d 34, 36 (D.D.C. 2011) (citation omitted).

To obtain a pesticide registration, pesticide developers like Syngenta must submit extensive scientific data to EPA to demonstrate that use of the product in accordance with

1  its label will not pose "unreasonable risk to man or the environment." 7 U.S.C. § 136(bb).
2  EPA can register a pesticide only if it determines that it "will perform its intended
3  function without unreasonable adverse effects on the environment" and that "when used in
4  accordance with widespread and commonly recognized practice it will not generally cause
5  unreasonable adverse effects on the environment." *Id*. § 136a(c)(5)(C), (D); *see also id*. §
6  136(bb) (defining "unreasonable adverse effects").

7  Every registered pesticide product is required to display an EPA-approved label
8  that enumerates approved uses, applications, and directions for use. *Id*. § 136a; 40 C.F.R.
9  §§ 152.100–119. "[U]se [of] any registered pesticide in a manner inconsistent with its
10 labeling" is unlawful. 7 U.S.C. § 136j(a)(2)(G).

**B.  Syngenta and its Tavium Product**

12  Syngenta offers a portfolio of safe, effective crop protection products, including
13  herbicides, fungicides, insecticides, and seed treatments. Through the EPA decision at
14  issue in this case, Syngenta holds a registration for a pesticide product containing two
15  active herbicide ingredients, dicamba and s-metolachlor, sold under the brand name
16  Tavium® Plus VaporGrip® Technology. Dicamba is an herbicide that EPA first
17  approved under FIFRA in 1967 and has been widely used by growers since then to control
18  broadleaf weeds and grasses. S-metolachlor, which EPA first approved in 1997, is also
19  effective against broadleaf weeds and grasses. Tavium is a critical crop protection tool
20  that provides many benefits to agricultural growers.

21  The challenged registration permits Tavium's use on soybean and cotton plants
22  genetically engineered to tolerate the application of dicamba. Growers can apply Tavium
23  directly to their fields to address weeds without injuring their DT soybean and DT cotton
24  plants.[2] Tavium is the only product on the market comprised of a premix of two active
25  ingredients intended for use on DT soybeans and DT cotton.

26  Tavium provides significant benefits to agricultural growers by controlling annual
27  grasses, and small and large seeded broadleaf weeds, such as ragweed, marestail, Palmer

---

[2] The United States Department of Agriculture reviewed and authorized cultivation of the DT crops in 2015.

amaranth, and waterhemp. As a premix formulation, Tavium offers built-in pesticide resistance management and convenience.

Tavium provides two modes of action: contact control to manage weeds after they emerge from the soil (dicamba), without hurting the crop, and residual control to manage weeds before they emerge (s-metolachlor). Because Tavium contains these two separate active ingredients, it is applied during the early part of the growing season and controls a broad range of weeds longer than dicamba-only products. Tavium's comprehensive and season-long weed management capabilities provide excellent crop safety, minimize impacts on the environment, and contribute to a sustainable agricultural economy.

### C. EPA's Registration of Tavium under FIFRA

EPA first registered Tavium on April 5, 2019. That registration was time-limited and scheduled to expire on December 20, 2020.[3] On August 12, 2020, Syngenta applied to EPA for an amendment to Tavium's label that proposed extending the December 20, 2020 expiration date. On October 27, 2020, EPA issued under Section 3(c)(5) of FIFRA an unconditional registration for Tavium and the two other end-use dicamba products at issue, XtendiMax® with VaporGrip® Technology and Engenia®. EPA's registration of Tavium operates as a license and confers on Syngenta the right to market and sell Tavium in the United States for use on DT cotton and DT soybean to control grass and broadleaf weeds.

Syngenta has invested significant resources to research, develop, and obtain its EPA registration for Tavium, including but not limited to the costs of environmental studies required by EPA to support the registration of this product under FIFRA. Syngenta has also participated extensively in EPA's regulatory processes concerning Tavium. Tavium has remained registered with EPA since April 2019, and Syngenta has continued to invest money and other resources in Tavium since then. Tavium has been

---

[3] Syngenta's Tavium registration was not subject to a June 3, 2020 order from the Ninth Circuit that vacated the registration of XtendiMax® with VaporGrip® Technology, FeXapan® herbicide Plus VaporGrip® Technology, and Engenia®, owned by Bayer CropScience, DuPont (now Corteva Agriscience), and BASF, respectively. *Nat'l Fam. Farm Coal., et al., v. EPA*, et al., No. 19-70115 (9th Cir. June 3, 2020).

1  and will continue to be a commercially important product in Syngenta's crop protection
2  portfolio.

### D.      Procedural History

In November 2020, days after EPA granted the Registrations, soybean and cotton grower groups challenged the Registrations in U.S. District Court for the District of Columbia, alleging that they were overly restrictive in certain respects, in violation of FIFRA. *Am. Soybean Ass'n, et al. v. Wheeler, et al.*, Case No. 20-cv-03190 (D.D.C. Nov. 4, 2020), ECF No. 1. That court granted Syngenta's and the other registrants' motions to intervene on November 13, 2020, then held the case in abeyance for sixty (60) days. *Am. Soybean Ass'n, et al. v. Wheeler, et al.*, Case No. 20-cv-03190, ECF Nos. 20, 37 (D.D.C. Nov. 13, 2020). Defendants and Intervenor-Defendants responded to the Complaint on April 6, 2021. *Id* at ECF Nos. 39, 41, 42, 43.

Also in November 2020, the grower-plaintiffs filed protective Petitions for Review in the D.C. Circuit and Fifth Circuit on similar grounds. On December 3, 2020, the United States Judicial Panel on Multidistrict Litigation ("MDL") ordered those petitions to be consolidated in the D.C. Circuit. *See* Consolidation Order*, In re Environmental Protection Agency: Engenia Herbicide Registration*; A21472 Plus VaporGrip Technology Registration; and XtendiMax with VaporGrip Technology Registration Issued on October 27, 2020, Case MCP No. 162, Doc. 4 (J.P.M.L. Dec. 3, 2020); Order Consolidating Cases, *Am. Soybean Ass'n v. Wheeler*, No. 20-1441 (D.C. Cir. Dec. 4, 2020).

Weeks later, on December 23, 2020, Plaintiffs filed this case and, two days earlier, a petition in the Ninth Circuit, both seeking review of the Registrations addressed in the D.C. district court action. *Nat'l Family Farm Coal., et al. v. EPA et al.*, No. 20-73750 (9th Cir. Dec. 21, 2020), ECF No. 1. Petitioners asked this court, and the Ninth Circuit, to declare that the Registrations violate FIFRA and EPA, set aside or vacate the Registrations, and prohibit use of products already sold under the Registrations. The Ninth Circuit has since transferred that Petition to the D.C. Circuit pursuant to 28 U.S.C. §

2112(a)(3). *Id.* (9th Cir. Jan. 26, 2021), ECF No. 22.[4] With the exception of this case, all cases pertaining to the Registrations are now pending in courts in Washington, D.C. On February 8, 2021, the Court ordered this case be held in abeyance for sixty (60) days. See ECF No. 12.

## LEGAL STANDARD FOR INTERVENTION

Under Federal Rule of Civil Procedure 24(a), district courts consider four factors to determine whether a non-party may intervene as of right: (1) timeliness; (2) the movant's interest relating to the property at issue; (3) whether the outcome may impair or impede the movant's interest; and (4) adequacy of representation by existing parties. Fed. R. Civ. P. 24(a)(2). The Ninth Circuit employs a "liberal policy in favor of intervention," designed to "involv[e] as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*); *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173. As the owner of one of the challenged Registrations, Syngenta plainly satisfies this standard. In the alternative, Syngenta seeks permission to intervene in accordance with Federal Rule of Civil Procedure 24(b).

## ARGUMENT

**I.    Syngenta Meets All the Criteria for Intervention as of Right.**

   **A.    Syngenta's Motion is Timely.**

When evaluating the timeliness of a motion to intervene, the Ninth Circuit considers: (1) the stage of the proceedings; (2) potential prejudice to the other parties; and (3) the reason for and length of the delay. *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997). Syngenta's Motion is timely. This Motion is being filed within two months (excluding the period of time when this case was held in abeyance) of

---

[4] The registrants, including Syngenta, have also moved to intervene in the now-consolidated cases pending in the D.C. Circuit. *Am. Soybean Ass'n v. Wheeler, et al.*, No. 20-1441 (consolidated with Nos. 1445, 20-1448, 20-1484 and 21-1043) (Mot. to Intervene by BASF Corp. (Dec. 3, 2020), Mot. to Intervene by Bayer CropScience LP (Dec. 7, 2020), and Mot. to Intervene by Syngenta Crop Prot., LLC (Dec. 7, 2020)).

the filing of the Complaint and within days of the Amended Complaint—squarely within the timeframes this Court has deemed motions to intervene timely. *See, e.g., Ctr. for Biological Diversity v. U.S. Forest Serv., et al.*, No. 20-cv-00020 (D. Ariz. Nov. 16, 2020), ECF No. 24 (granting motion to intervene filed two months after complaint was filed); *Save the Scenic Santa Ritas v. U.S. Army Corps of Eng'rs*, No. 19-cv-0177 (D. Ariz. Apr. 17, 2019), ECF No. 20 (granting motion to intervene filed twenty days after complaint and before defendants filed answer); *Sw. Energy Sys., LLC v. Travelers Indem. Co.*, No. cv-17-04241 (D. Ariz. Jan. 22, 2018), ECF No. 26 (granting motion to intervene filed thirty-five days after complaint was filed). Moreover, no substantive action has taken place since the Complaint was filed, and Syngenta's full participation in this action will not cause delay or prejudice any party's rights.

**B.  Syngenta Has a Direct and Substantial Interest in this Proceeding.**

As owner of the challenged Tavium registration, Syngenta has a significantly protectable interest at stake in this matter. A prospective intervenor has a significantly protectable interest if "the interest is protectable under some law" and "there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y*, 630 F.3d at 1176 (citation omitted). An interest is "relat[ed]" to a claim when resolution of the claim actually affects the movant's interest. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998); *see also S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (intervention applicant has adequate interests in a suit where "resolution of the plaintiff's claims actually will affect the applicant") (citation omitted).

The challenged EPA order confers a FIFRA registration, owned by Syngenta. 7 U.S.C. § 136a(a). Under the APA, FIFRA registrations are considered licenses that are protected by law. 5 U.S.C. § 551(8); *see also* Mem. and Order at 4-5, *Pesticide Action Network of N. Am. v. EPA*, No. 08-cv-01814 (N.D. Cal. July 8, 2008), ECF No. 43 (FIFRA registrations "are essentially government licenses to produce, distribute and sell pesticides," and they "constitute property"). As a consequence, courts routinely hold FIFRA registration licenses to be significantly protectable property interests for purposes

of determining intervention. *See Nat. Res. Def. Council v. EPA*, No. 14-73359 (9th Cir. Dec. 11, 2014), ECF No. 12 (granting registrant's motion to intervene to defend its pesticide registration); *Ctr. for Biological Diversity v. EPA*, No. 11-cv-293, 2013 WL 1729573, at *6–7 (N.D. Cal. Apr. 22, 2013) ("The applicants are owners of the pesticide registrations, and thus have property and financial interests in the registrations."). This property interest cannot be annulled without due process of law. *See, e.g., Bell v. Burson*, 402 U.S. 535, 539 (1971); *Indus. Safety Equip. Ass'n v. EPA*, 656 F. Supp. 852, 856 (D.D.C. 1987), *aff'd*, 837 F.2d 1115 (D.C. Cir. 1988) ("It is well settled that an agency license can create a protectible [sic] property interest, such that it cannot be revoked without due process of law.").

Courts routinely allow pesticide registrants to intervene in proceedings where their property interests in their registrations are at stake. Order, *Am. Soybean Ass'n v. EPA*, No. 20-cv-03190 (D.D.C. Nov. 13, 2020), ECF No. 20 (granting Syngenta's motion to intervene in district court challenge to Tavium registration); Orders, *Nat'l Fam. Farm Coal. v. EPA*, No. 19-70115 (9th Cir. May 15, 2019, June 19, 2020), ECF Nos. 29, 162; Order, *Nat'l Fam. Farm Coal. v. EPA*, No. 17-70196 (9th Cir. May 4, 2017), ECF No. 25 (granting registrants' motions to intervene in challenge to previous dicamba registrations); Order Granting Mot. to Intervene, *Ctr. for Biological Diversity v. EPA*, No. 14-cv-00942 (D.D.C. Sept. 4, 2014), ECF No. 23; Order Granting Mot. to Intervene at 2–3, *Ctr. for Biological Diversity v. U.S. Fish & Wildlife*, No. 11-cv-05108 (N.D. Cal. Mar. 22, 2012), ECF No. 27; Order, *Ctr. for Biological Diversity v. EPA*, No. 14-1036 (D.C. Cir. July 28, 2015) (granting Syngenta's motion to intervene in challenge to FIFRA registration).

Additionally, Syngenta has significant, protectable interests in the considerable efforts it invested in the administrative process that led to its Tavium registration, including in developing and submitting the scientific data that EPA reviewed as part of its regulatory analyses under FIFRA. Such "participat[ion] in the administrative process" that culminated in the challenged administrative action creates an interest sufficient to support intervention. *See Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397–98

1  (9th Cir. 1995) (participation in administrative process gave rise to legally protectable
2  interest sufficient to support intervention as of right).

### C. Syngenta's Interest Would Be Harmed by an Adverse Ruling.

An adverse ruling in this matter would directly impair Syngenta's legally protectable interest in its Tavium registration. Syngenta need only show that an unfavorable disposition of this action "may as a practical matter impair or impede" its ability to protect its interests. *See Wilderness Soc'y*, 630 F.3d at 1177; *see also id*. at 1180–81 ("A putative intervenor will generally demonstrate a sufficient interest for intervention of right . . . if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'") (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.") (citation omitted). The Ninth Circuit has found impairment where the "relief sought by p[etitioners] will have direct, immediate, and harmful effects upon [the proposed intervenor's] legally protectable interests." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995)). That standard is amply satisfied here.

If Plaintiffs prevail, Syngenta's registration could be subject to an order by this Court vacating, suspending, or restricting the registration, causing Syngenta direct and immediate financial harm. This alone is a sufficient interest, directly related to the subject of this action, to support intervention as of right. *See also Nat. Res. Def. Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983) ("NRDC") (holding the standard met where disposition of the case would nullify proposed intervenors' cumulative efforts to have their product registrations upheld by EPA). Syngenta would lose its investment in obtaining the Tavium registration, would suffer lost income and profits, would be deprived of its property, and would face disruption of its business relationships with distributors and growers who rely on the continued availability of Tavium.

Intervention should be granted because any adverse ruling in this case would directly impact Syngenta's legally protectable interest in its Tavium registration.

### D. Syngenta's Interests Will Not Be Adequately Represented by the Parties.

As the Ninth Circuit has explained, a movant's "burden in showing inadequate representation is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council*, 66 F.3d at 1498 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). In considering the adequacy of representation, this Court considers "whether the interest of the present party is such that it [would] undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Id.* at 1498–99.

Syngenta, a private company, cannot rely on EPA to adequately protect its interests. *See id.*; *Berg*, 268 F.3d at 823–24; *United Farm Workers v. EPA,* No. C 07-3950, 2008 WL 3929140, at *2 (N.D. Cal. Aug. 26, 2008) ("Courts have recognized that … private companies like [the pesticide registrant] have a more parochial and financial interest not shared by the EPA."). Syngenta has invested extensively in developing Tavium, bringing it to market, and continuing to produce, sell, and distribute Tavium to its customers. Syngenta has a focused and direct economic interest in preserving its Tavium registration and defending its safety. Moreover, pesticide registrants like Syngenta have specialized scientific knowledge and expertise that make them uniquely positioned to defend their product registrations.[5] *See Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912–13 (D.C. Cir. 1977) (pesticide manufacturers "may also be likely to serve as a vigorous and helpful supplement to EPA's defense").

---

[5] For the same reason, and particularly in light of the fact that Syngenta's Tavium formulation and label are unique, Syngenta's interests are also divergent from and cannot be adequately represented by the other registrants. *See Greater Yellowstone Coal. v. Timchak*, No. CV-08-388, 2008 WL 4911410, at *4 (D. Idaho Nov. 13, 2008) ("Only [the proposed intervenor] . . . can portray [a] . . . more complete picture of the impact" of any relief on its financial interests.).

While Syngenta supports EPA's defense of the challenged Registrations, Syngenta's economic and proprietary interests in its Tavium registration are narrower than those of EPA, which has a broader duty to protect the public's interests generally. EPA does not share Syngenta's interests in protecting the commercial value of its registration. Mem. and Order at 6, *Pesticide Action Network of N. Am. v. EPA*, No. 08-cv-01814 (N.D. Cal. July 8, 2008), ECF No. 43 ("EPA's interests, as the governmental body that regulates pesticides, necessarily differ from the interests of the regulated private parties."); *NRDC*, 99 F.R.D. at 610 (EPA's broader goal in challenges to its pesticide registration decisions is defending its regulatory "policies and procedures," while a manufacturer has "interests [that] are more narrowly focused on proceedings relating to the particular pesticide[] [it] manufacturer[s].").

Indeed, courts, including in this Circuit, have repeatedly recognized that the government does not specifically represent the specific, narrower economic and other interests of private parties that may be affected by litigation. *See Forest Conservation Council*, 66 F.3d at 1498–99; *Berg*, 268 F.3d at 823–24; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994). This divergence of interests is especially apparent in actions challenging FIFRA registrations. *See United Farm Workers*, 2008 WL 3929140, at *2 (pesticide registrants "have a more parochial and financial interest not shared by the EPA"); *see also Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (pesticide registrant's "economic and proprietary interests" not shared by EPA); *Costle*, 561 F.2d at 912–13 (pesticide manufacturers' interests in a suit against EPA were "more narrow and focused" than the agency's and "may not coincide").

For these reasons, Syngenta's interests may not be adequately represented by the parties, and intervention should be permitted.

## II.     At a Minimum, Permissive Intervention Should be Granted.

Syngenta also meets the standard for permissive intervention. Rule 24(b) provides that on timely application "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R.

1    Civ. P. 24(b)(1)(B).  A proposed permissive intervenor must satisfy three conditions:  (1)
2    its claims or defenses must share a common question of law or fact with the main action;
3    (2) the motion must be timely; and (3) there must be an independent ground for
4    jurisdiction.  *S. Cal. Edison Co.*, 307 F.3d at 803.  Syngenta satisfies each of these
5    prerequisites.

6          First, the "common question of law or fact" is satisfied.  Syngenta seeks to address
7    a major issue in the case—namely the continued validity of Syngenta's Tavium
8    registration.  Syngenta has been deeply involved with developing the product at issue,
9    helping to ensure its safety, and securing and complying with governmental approvals.
10   Syngenta can therefore "assist the court in its orderly procedures leading to the resolution
11   of this case."  *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1111 (9th Cir. 2002),
12   *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th
13   Cir. 2011).  This information is not simply "common" to Plaintiffs' claims, it is "directly
14   responsive to" the issues raised in their Complaint.  *Id.* at 1110.

15         Second, as set forth above, this Motion is timely and would not prejudice any
16   party's interests in the case.  *See* Argument I.A, *supra*.

17         Third, because this is a federal question case and Syngenta does not seek to add
18   additional state law claims, there is no jurisdictional bar to its entry.  *See Freedom from*
19   *Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("Where the
20   proposed intervenor in a federal-question case brings no new claims, the jurisdictional
21   concern drops away.").

22         All three conditions for permissive intervention are satisfied.  Accordingly, if
23   denied intervention as of right, Syngenta should be granted leave to intervene
24   permissively in all aspects of the case.

25   **III.**   **Syngenta Should be Permitted an Extension of Time to Respond to Plaintiffs'**
26         **Amended Complaint Concurrently with the Federal Defendants.**

27         Syngenta seeks leave to file its response to Plaintiffs' Amended Complaint
28   pursuant to Federal Rule of Civil Procedure 24(c) at the same time as Federal Defendants.

- 12 -

*See, e.g.*, *Ctr. for Biological Diversity, et al. v. Zinke, et al.*, No. 15-cv-00019 (D. Ariz. July 30, 2015), ECF No. 64 (granting proposed-intervenors' request to file responsive pleadings up to fourteen days after the court's ruling on motions to intervene); *Comerica Bank v. Sea Nine Assocs., Inc.*, No. SACV 14-186, 2014 WL 12778554, at *2 (C.D. Cal. Aug. 13, 2014) (granting motion to intervene and ordering a Rule 24(c) pleading to be filed within twenty-eight days).  This timeline will not impact any previously scheduled deadlines nor cause any party prejudice.  Given the early stage of the case, judicial efficiency would be served by permitting Syngenta to respond to the Amended Complaint concurrently with Federal Defendants.

## CONCLUSION

For the foregoing reasons, this Court should grant Syngenta's Motion for Leave to Intervene and should extend the deadline for Syngenta's responsive pleading until such time as the Federal Defendants' response is due.

Respectfully submitted this 19th day of April, 2021.

SNELL & WILMER L.L.P.

By: /s/*Jeffrey Willis*
Jeffrey Willis
One South Church Avenue
Suite 1500
Tucson, AZ  85701-1630

Karen Ellis Carr *(pro hac vice motion forthcoming)*
Donald C. McLean *(pro hac vice motion forthcoming)*
Kathleen Heilman *(pro hac vice motion forthcoming)*
Laura Zell *(pro hac vice motion forthcoming)*
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006-5344

*Attorneys for Proposed Intervenor-Defendant Syngenta Crop Protection, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and served a copy of the attached document by mail on the following, if not a registered participant of the CM/ECF System:

George A. Kimbrell
Sylvia Shih-Yau Wu
Meredith Stevenson
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Email: swu@centerforfoodsafety.org
Email: gkimbrell@centerforfoodsafety.org
Email: mstevenson@centerforfoodsafety.org

Stephanie M. Parent
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Email: SParent@biologicaldiversity.org
*Attorneys for Plaintiffs*

Simi Bhat
U.S. Department of Justice
301 Howard Street, Ste. 1050
San Francisco, CA 94115
Email: simi.bhat@usdoj.gov
*Attorneys for Defendants*

Philip J. Perry
Richard P. Bress
Andrew D. Prins
Stacey L. VanBelleghem
Latham & Watkins, LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, D.C. 20004
Email: philip.perry@lw.com
Email: rick.bress@lw.com
Email: andrew.prins@lw.com
Email: stacey.vanbelleghem@lw.com
*Attorneys for Proposed Defendant-Intervenor Bayer Crop Science LP*

*/s/ Lauren Sanders*
4830-8343-3947