WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-20-00555-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Environmental Protection Agency, et al., | |
| Defendants. | |

Currently pending before this Court are the Defendants' Motion to Transfer Venue (Doc. 30) and the Plaintiffs' Motion to Determine Jurisdiction (Doc. 57). The Court stays this case for the pendency of an appellate court proceeding in the District of Columbia addressing the unique jurisdictional issue posed by the facts of the dicamba pesticide registrations issued by the EPA in 2020. The Court denies both motions, without prejudice to their being reurged pending a ruling by the United States Court of Appeals for the District of Columbia. The Plaintiffs shall file 6-month status reports regarding the pendency of the appellate proceeding.

This case involves dicamba pesticide registrations issued by the EPA in 2020, which Plaintiffs assert fail to adequately address volatility issues that were found by the Ninth Circuit Court of Appeals to invalidate prior revised, dicamba-registration actions taken in 2016 and 2018. *Nat'l Family Farm Coa.n v. EPA*, 960 F.3d 1120 (9th Cir. 2020) (*NFFC II*). Plaintiffs also allege that the 2020 registrations will harm various endangered and protected species in Arizona. The Plaintiffs sue the Environmental Protection Agency

(EPA) for violations of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and the Endangered Species Act (ESA). The Intervenors in this action are various dicamba manufactures.

FIFRA generally prohibits the distribution or sale of any pesticide unless it is "registered" by the EPA. 7 U.S.C. § 136a(a). A FIFRA registration is a license that establishes the terms and conditions under which a pesticide may be lawfully sold, distributed, and used in the United States. *Id.* § 136a(c). If an application for registration includes any new active ingredient or would entail a changed use pattern, EPA must publish a notice of receipt of the application in the Federal Register and provide a public comment period; otherwise, FIFRA compels no public notice before registration. 7 U.S.C. § 136a(c)(4). FIFRA provides two primary avenues for judicial review of EPA's actions: 1) the courts of appeals have "exclusive jurisdiction to affirm or set aside" orders that EPA issues "following a public hearing," 7 U.S.C. § 136n(b), and 2) district courts have jurisdiction to hear challenges of all other "final actions" that are "not committed to the discretion of the Administrator by law," *id.* § 136n(a).

The Plaintiffs assert that the 2020 dicamba registrations required notice and public hearing, and all parties agree that neither occurred here. All parties agree that the FIFRA's plain language and case law supports jurisdiction in the federal district courts due to lack of a public hearing. (Motion to Determine Jurisdiction (Doc. 57) at 6.) The jurisdictional question turns on whether there may be an exception to the notice and public comment requirement if there exists a sufficient public record to support appellate review.

It is undisputed that in response to *NFFC II* and the 2020 dicamba registrations, the Plaintiffs, Environmental Groups,[1] filed this action and a protective action in the Ninth Circuit Court of Appeals. Farmers and end-users of dicamba, the Farmers, similarly filed in the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia. The Farmer plaintiffs argue that the 2020 dicamba

---

[1] The National Family Farm Coalition, Center for Food Safety, Center for Biological Diversity, and Pesticide Action Network North America (referred to as NGO Petitioners, herein referred to as "the Environmental Group Plaintiffs").

volatility measures are too strict, i.e., the flip side to this case. The dicamba manufactures are Intervenors only in this case. Subsequent to the appellate cases being filed, the Ninth Circuit Court of Appeals transferred its case to the District of Columbia pursuant to Multidistrict Litigation (MDL) rules. The Environmental Group Plaintiffs voluntarily moved for and were granted dismissal with prejudice of their case by the United States Court of Appeals for the District of Columbia. The Farmer plaintiffs' claims remain pending in the District of Columbia, with the district court case stayed pending a decision by the appellate court, which has assigned the case to a merit panel, including the question of jurisdiction. Similarly, this Court stays this case.

By staying the case, this Court does not intend to suggest that decisions by the courts in the District of Columbia are determinative here. *Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1019 (9th Cir.2006) (a decision in a sister circuit is neither an intervening higher authority nor does it control our analysis). This Court is bound only by the decisions set forth by the Ninth Circuit Court of Appeals so while any decision by the District of Columbia appellate court regarding this unique jurisdictional issue may be persuasive in its own right, it is not binding precedent. *See Stocum v. United States*, 85 Fed. Cl. 217, 225 n.8 (2008), aff'd, 374 F. App'x 19 (Fed. Cir. 2009) (describing persuasiveness of out of circuit decisions). The Court recognizes that it could decide the non-merit issue of transfer without confirming its subject matter jurisdiction over the case. (EPA Response (Do. 58) at 16 n. 1 (citations omitted)). The Court, however, finds that the pendency of the District of Columbia appellate case makes it difficult to assess the merits of the transfer motion, including considering whether transfer "would best serve the interests of judicial efficiency." *Id.* (quoting *Pac. Mar. Ass'n v. NLRB*, 905 F. Supp. 2d 55, 59 (D.D.C. 2012)).

**Accordingly,**

**IT IS ORDERED** that the Defendants' Motion to Transfer Venue (Doc. 30) is DENIED without prejudice to it being reurged upon resolution of the case pending in the United States Court of Appeals for the District of Columbia.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Determine Jurisdiction

1   (Doc. 57) is DENIED without prejudice to it being reurged upon resolution of the case
2   pending in the United States Court of Appeals for the District of Columbia.
3         **IT IS FURTHER ORDERED** that this case is STAYED to allow time for
4   resolution of the case pending in the United States Court of Appeals for the District of
5   Columbia.
6         **IT IS FURTHER ORDERED** that beginning 6 months from the filing date of this
7   Order, the Plaintiffs shall file status reports in this case regarding the case pending in the
8   United States Court of Appeals for the District of Columbia.
9         Dated this 12th day of November, 2021.

_____

Honorable David C. Bury
United States District Judge