**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>United States Environmental Protection Agency, et al.,<br><br>                    Defendants. | No. CV-20-00555-TUC-DCB<br><br>**ORDER** |

On November 15, 2021, the Court stayed this case because of the unique jurisdictional issue created by the EPA when it issued the 2020 dicamba pesticide registrations without notice and a public hearing. This jurisdictional question is being considered by the United States Court of Appeals for the District of Columbia (D.C.). While any decision issued in the D.C. is not precedent in this case, it "may be persuasive in its own right." (Order (Doc. 64)). For this and other reasons, this Court stayed this case and ordered the Plaintiffs to file six-month status reports regarding the D.C. case.

On December 22, 2021, the Defendant EPA filed a Report of Information Re: Potential Future Regulatory Action (Doc. 65) and released a report on the impacts of over-the-top dicamba use on non-target crops during the 2021 growing season. According to the EPA, "the nature and extent of these impacts have led EPA to consider further regulatory action," and it will "apprise the Court of any further regulatory developments" and notify the Court if circumstances warrant a lifting of the stay.  (Report (Doc. 65) at 2.)

On January 6, 2022, the Plaintiffs' filed a Motion to Lift the Stay (Doc. 66) arguing that the December 15, 2021, Memorandum: Status of Over-the-Top Dicamba: Summary of 2021 Usage, Incidents and Consequences of Off-Target Movement, and Impacts of Stakeholder-Suggested Mitigations (Doc. 66-1) reflects the egregious ramifications from continuing to do nothing to revise the 2020 dicamba registrations.

To the contrary, EPA and the Intervenor Dicamba Manufactures argue the report reflects an "initial step," (Interv. Resp. (Doc. 68) at 21), and "EPA is 'evaluating all of its options for addressing future dicamba-related incidents," (EPA (Resp. (Doc. 676) at 4.) The Intervenors' Response includes more details on EPA's ongoing endeavors, and both the EPA and Intervenors seem to suggest this review must be undertaken in the context of the growing seasons because of the delicacy needed to make changes so as to not upset growing seasons once they are underway. The Court does not know what this means for the actual time frame the EPA anticipates moving forward with the potential future regulatory action it has now initiated. The Court does not know how this ongoing evaluation fits in the context of the proposed briefing schedule for the case pending in the District of Columbia. The Court does, however, understand that the importance of this evaluation, which is now being undertaken by the EPA, and the importance of the environmental interests at stake in this case both for farmers in Arizona and endangered species that reside here. The Court would like a clearer picture of the relevant growing seasons in relation to the timing of this ongoing review and the D.C. briefing schedule.

**Accordingly,**

**IT IS ORDERED** that in addition to the six-month status report due from Plaintiffs on May 15, 2022, the EPA shall file a report on the status of its ongoing evaluation of its options for addressing future dicamba-related incidents relevant to any potential regulatory action related to the 2020 dicamba registrations. The EPA shall describe its schedule and explain how it fits into the 2022, 2023, etc. growing season(s).

**IT IS FURTHER ORDERED** that in the event the briefing schedule for the pending D.C. appellate case changes, the Plaintiffs shall immediately notify this Court.

1    **IT IS FURTHER ORDERED** that the Motion to Lift the Stay (Doc. 66) is

2  DENIED, without prejudice to it being reurged.

3    Dated this 17th day of March, 2022.

Honorable David C. Bury
United States District Judge