IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| **Center for Biological Diversity,** *et al.*, | No. 4:20-cv-00555-DCB |
| Plaintiffs, | |
| v. | **Protective Order** |
| **United States Environmental Protection Agency,** *et al.*, | |
| Federal Defendants, and | |
| **Bayer Cropscience LP, BASF Corp., and Syngenta Crop Protection, LLC**, | |
| Defendant-Intervenors. | |

1. The following Protective Order shall apply to case number 4:20-cv-00555-DCB and all consolidated cases (hereafter referred to as the "action"). It shall govern the production, use, and submission of Protected Information in the course of this action and shall preclude inappropriate use of such information for purposes other than this action. Protected Information shall be submitted to the Court only in accordance with this Protective Order.

2. "Protected Information" shall include any material covered by the restrictions in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136h(b) and (g).

3. Protected Information that is or becomes publicly available in a manner that does not violate this Protective Order or other relevant confidentiality requirements shall not constitute Protected Information, and to the extent a party obtains information outside the context of this action by means other than through a violation of this Protective Order or other confidentiality requirement, that party shall not be limited in its use of such information by this Protective Order.

4. **Labeling of Protected Information**

    a. With respect to Protected Information that may be exchanged among the parties, a party may designate any document or portion of a document, material, or other information (electronic or otherwise) in the course of this action as Protected Information.

    b. All Protected Information, including any correspondence, documents, DVDs, or other material exchanged containing Protected Information, shall be marked "SUBJECT TO PROTECTIVE ORDER."

5. **Distribution of Protected Information**

    a. Protected Information produced for purposes of this action shall be received and held in strict confidence and shall be used only for the purposes of this action, and shall not be used (except by the owner of such information) for any purpose outside of this action.

    b. Protected Information shall be disclosed only to the following:

        i. The Court;

        ii. Outside counsel for the parties to this action, including counsel's employees and support staff;

        iii. In-house litigation counsel and employees assisting in this action for plaintiffs Center for Biological Diversity, National Family Farm Coalition, Center for Food Safety, and Pesticide Action Network North America;

      iv. In-house litigation counsel and employees assisting in this action for Defendant-Intervenors Bayer CropScience LP, BASF Corporation, and Syngenta Crop Protection, LLC;

      v. Employees of the United States, subject to the provisions and prohibitions of FIFRA section 10, 7 U.S.C. § 136h, and 18 U.S.C. § 1905, and the other provisions of this Protective Order; and

      vi. Expert consultants retained by any party to assist in this action, including their employees and support staff.

c. Counsel and other individuals listed in 5.b.ii-5.b.vi have the obligation to reasonably limit and control the number of employees and support staff who have access to Protected Information and to ensure that each such person is aware of and complies with the terms and conditions of this Protective Order.

d. Any individual listed in 5.b.ii-5.b.vi shall sign a certification (Attachment A hereto) indicating that he or she has received a copy of this Protective Order and agrees to be bound by its terms. For each company, firm, or organization, only one such certification is needed, provided that the individual certifying has the authorization to sign on behalf of all individuals who would be required to sign individually. Counsel of record for each party shall be responsible for obtaining all certifications required by this Protective Order in advance of any disclosure that may be permitted by this Protective Order, and shall be responsible for maintaining in safekeeping all original certifications.

e. Nothing in this Protective Order shall limit the use by a party of its own Protected Information or prevent a party from disclosing its own Protected Information to any person, except that employees of the United States

3

remain bound by any relevant statutory or regulatory restrictions regarding disclosure of information.

 f. No person may further disseminate any Protected Information except as expressly authorized in this Protective Order.

6. **The Administrative Record**

 a. Federal Defendants, the U.S. Environmental Protection Agency et al. ("EPA"), shall produce any portion of the administrative record that EPA believes in good faith is likely to contain Protected Information with a designation of "SUBJECT TO PROTECTIVE ORDER." All other portions of the administrative record shall be produced without that designation.

 b. Any party to this action may seek to de-designate as Protected Information any portion of the administrative record.

 c. A party seeking to de-designate as Protected Information any portion of the administrative record shall first meet and confer with counsel for the EPA as to whether agreement can be reached.

 d. If agreement is reached, any party may then file a letter with this Court indicating that an agreement has been reached and stating which portion of the administrative record shall be de-designated.

 e. If no agreement is reached, a party may file with this Court, under seal, a motion to de-designate the portion of the administrative record.

 f. Any party may file a response to the motion to de-designate within the time prescribed by LRCiv 7.2(c). The moving party may file a reply within the time prescribed by LRCiv 7.2(d).

 g. The portion of the administrative record at issue shall be considered Protected Information until the disposition of the motion to de-designate.

      h. At any time, the Court may de-designate any portion of the administrative record without advance notice to the parties.

7. **Procedures to Govern the Filing of Protected Information**

      a. The following procedures shall govern any filing with this Court containing Protected Information.

      b. <u>Briefs</u>:

          i. Each party shall file a public version of any brief (including the opening, answering, and reply briefs) and shall redact any Protected Information and any material designated as "SUBJECT TO PROTECTIVE ORDER."

          ii. Each party also shall file simultaneously, under seal, an unredacted version of any brief that has been publicly filed with redactions. The unredacted version shall be submitted using the "Sealed Lodged Proposed Documents"[1] electronic filing event and shall attach this order in lieu of the required motion to file a document under seal pursuant to LRCiv 5.6(b).

          iii. Within 30 days after the close of briefing, the parties shall file with the Court <u>one</u> joint motion to seal using the "Motions and Related Filings" header on the civil (non-sealed) events menu and selecting the event "Seal."[2]

              1. The motion shall request the least restrictive scope of redactions and shall be limited in scope to only the specific documents or portion of documents that merit redactions.

---

[1] Electronic Case Filing Administrative Policies and Procedures Manual at 14, https://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.
[2] *Id.*

    2. The motion shall explain the specific reasons redactions are necessary and describe the potential for irreparable injury in the absence of such relief.

    3. If the parties disagree as to whether any material should be redacted, the parties shall present their respective positions within the motion.

  iv. The motion and the unredacted version of the brief and excerpts of record will be provisionally sealed pending a disposition on the motion.

  v. If for any reason a request to submit Protected Information under seal is not granted, the parties shall promptly request that the Court return the material not accepted for filing under seal to the designating party, and the parties shall meet and confer within three business days as to any redactions or other measures that may be appropriate to allow for the submission of relevant material to the Court consistent with this Protective Order.

 c. <u>For filings containing Protected Information other than the Briefs:</u>

  i. Each party shall file a public version of any filing and shall redact any Protected Information and material designated as "SUBJECT TO PROTECTIVE ORDER."

  ii. Each party also shall file simultaneously, under seal, an unredacted version of the filing that has been publicly filed with redactions. The unredacted version shall be submitted using the "Sealed Lodged Proposed Documents"[3] electronic filing event and shall attach this

---

[3] Electronic Case Filing Administrative Policies and Procedures Manual at 14, https://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

    order in lieu of the required motion to file a document under seal pursuant to LRCiv 5.6(b).

  iii. Within 30 days after the filing, the parties shall file with the Court <u>one</u> joint motion using the "Motions and Related Filings" header on the civil (non-sealed) events menu and selecting the event "Seal."[4]

    1. The motion shall request the least restrictive scope of redactions and shall be limited in scope to only the specific documents or portion of documents that merit redactions.

    2. The motion shall explain the specific reasons redactions are necessary and describe the potential for irreparable injury in the absence of such relief.

    3. If the parties disagree as to whether any material should be redacted, the parties shall present their respective positions within the motion.

  iv. A party may move to have an entire filing or an entire exhibit filed under seal using the "Motions" category from the "Motions and Related Filings" header and selecting the event "Seal" for the type of relief.[5] Where a party moves to file under seal an entire filing, the moving party does not need to file a public version of the filing as indicated in 7.c.i above. Where a party moves to file under seal an entire exhibit, the party shall comply with the requirements of 7.c.i above and shall include a placeholder page for the exhibit sought to be sealed with the text "EXHIBIT PROVISIONALLY FILED UNDER SEAL."

---

[4] *Id.*
[5] *Id.*

       v. The motion and the unredacted version of the filing will be provisionally sealed pending a disposition on the motion.

8. **Disposition**

    a. Confidentiality under this Protective Order is to be maintained both during and after the final disposition of this action.

    b. Within 90 days after final disposition of this action, the parties shall destroy or return to counsel for the producing party all Protected Information, including all copies thereof, provided that counsel of record for each party may maintain a copy of any briefs, appendices, or other material filed with or presented to the Court in this action.

    c. Within 90 days after final disposition of this action, the non-public administrative record that EPA provides to the parties shall be destroyed or returned to EPA by counsel of record or in-house counsel for the receiving parties.

    d. Absent extraordinary circumstances, a motion to de-designate or to seal will not be entertained if the motion is filed after the final disposition of this action.

9. **Oral Argument**

    a. A party who intends, during any hearing, to present argument or other material containing Protected Information shall so advise the parties and the Court so that any appropriate steps may be taken before such presentation or reference is made and shall arrange for the pages of any transcript containing such information to be marked "SUBJECT TO PROTECTIVE ORDER."

    b. Any party may move the Court for a closed hearing at least 14 days prior to the scheduled argument date and explain with specificity why such relief is required and whether any less extraordinary alternative is available.

10. The production, use, and submission of Protected Information pursuant to the terms of this Order shall not be construed as a waiver by any person or entity of any rights to compensation provided under FIFRA Section 3(c)(1)(F), 7 U.S.C. § 136a(c)(1)(F), and 40 C.F.R. Part 152, subpart E, or under Section 408(i) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 346a(i).

**IT IS SO ORDERED.**

Dated this 4th day of November, 2022.

_____
Honorable David C. Bury
United States District Judge

## ATTACHMENT A

**Certification**

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Protective Order relating to the confidentiality of information in *Center for Biological Diversity v. EPA*, No. 4:20-cv-00555-DCB and consolidated cases, and I agree to, and will, keep information confidential in accordance with the terms of said Protective Order.

_____  _____
Date                                            Name

_____
Affiliation or Employer